Citation Nr: 1438771 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 06-07 520 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Robert W. Gillikin, Attorney at law


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Siobhan Brogdon, Counsel


INTRODUCTION

The Veteran served on active duty from November 1965 to November 1968. He served in Vietnam.

This appeal comes before the Department of Veterans Affairs (VA) Board of Veterans' Appeals (Board) from a September 2005 rating determination of the VA Regional Office (RO) in Pittsburgh, Pennsylvania that denied service connection for PTSD and hepatitis C. 

The Veteran was afforded a Travel Board hearing in May 2008 before the undersigned Veterans Law Judge sitting at Pittsburgh, Pennsylvania. The transcript is of record. In July 2008, the Board remanded the claims for further development. 

By decision in May 2009, the Board denied entitlement to service connection for PTSD and hepatitis C. The Veteran appealed this decision to the United States Court of Appeals for Veterans Claims (Court). In a January 2010 Order, the Court vacated the decision rendered as to entitlement to service connection for PTSD and remanded the matter for readjudication in accordance with instructions in the January 2010 Joint Motion for Partial Remand. The claim of entitlement to service connection for hepatitis C was dismissed and is no longer for appellate consideration. 

Entitlement to service connection for PTSD was expanded to include the broader issue of service connection for an acquired psychiatric disorder, to include PTSD, and was remanded in September 2010 and March 2011 for further development. 

By decision in June 2013, the Board denied entitlement to service connection for an acquired psychiatric disorder, to include PTSD. The Veteran appealed the decision to the Court. In a May 2014 Order, the Court vacated the decision and remanded the matter for readjudication in accordance with instructions in the May 2014 Joint Motion for Remand.

Following review of the record, the appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

The Board points out that in addition to the paper claims folder, an electronic record is associated with the claim. These documents contain VA treatment records relevant to the issue on appeal.


REMAND

In its May 2014 Joint Motion for Remand, the parties stated that the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-V) was published in May 2013, days prior to the June 2013 Board decision. It was noted that DSM-V removed the A2 requirement of intense fear, hopelessness, or horror that had been required for a PTSD diagnosis under DSM-IV. It was pointed out that the old A2 criteria were elements that VA examiners historically noted were missing for a diagnosis of PTSD. Because of this change in the DSM, the parties determined that a remand was warranted for the appellant to be evaluated pursuant to the new DSM-V criteria.

Historically, the Veteran served in Vietnam for a year between 1966 and 1967 with a military occupational specialty of military policeman. He received several medal and citations for Vietnam service. Combat stressors are conceded. He asserts that he has PTSD as the result of such stressors for which service connection is warranted.

The record reflects that the Veteran has been receiving VA mental health treatment since 2005 and various psychiatric diagnoses have been rendered. PTSD screens have been positive since inception of treatment. Since approximately 2009, assessments of possible PTSD/PTSD have been recorded on the appellant's active problem list by various VA clinical personnel, including his primary care family practice VA physician. The Veteran has been afforded a number of comprehensive consultations/evaluations by various VA psychologists over the years who have determined that he does not have PTSD or does not meet the full criteria for that disorder. 

The record thus reflects that there is considerable disparity and conflict in the clinical findings for which reconciliation is required. His Attorney-Representative requests that the appellant be afforded a new VA examination in light of changes implemented by DSM-V. The Board observes that the Veteran has never had a compensation and pension examination by a VA psychiatrist. The Board thus finds that an examination by a VA psychiatrist is warranted for review of the record and an opinion with consideration of DSM-V.

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for an examination by a VA psychiatrist, preferably by one who has not seen him previously, to determine whether the diagnostic criteria for PTSD are satisfied. Access to the appellant's claims file, Virtual VA file and any pertinent VBMS record, as well as a copy of this remand, must be made available to the examiner designated to examine the appellant. The RO must advise the physician that the Veteran served in combat and that stressors are conceded. The examination report must clearly reflect whether a review of the claims folder, Virtual VA file and any pertinent VBMS record was performed. Any special studies or tests, to include psychological testing and evaluation, should be accomplished. The examination report should include a discussion of the appellant's documented medical history and assertions. Following examination, the examiner must respond to the following questions:

a). With consideration of DSM-V, is it at least as likely as not (at least a 50 percent probability or better) the Veteran has PTSD related to service in Vietnam? Please explain in detail why or why not.

b). If a diagnosis of PTSD cannot be confirmed, is it at least as likely as not that any other diagnosed psychiatric disorder is related to the appellant's active duty service, including service in Vietnam? 

The report of examination should include a detailed narrative with a complete rationale for the opinion(s) provided.

2. The RO should ensure that the medical report requested above complies with this remand, especially with respect to the instructions to provide competent medical opinions. If the report is insufficient, or if an action requested is not taken or is deficient, it must be returned to the examiner for correction. 

3. After taking any further development deemed appropriate, re-adjudicate the claim. If the benefit is not granted, provide a supplemental statement of the case and afford the Veteran and his Representative an opportunity to respond before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other 

appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



_________________________________________________
CHERYL L. MASON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).